UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE C. BANKS, JR. (#97742)                  CIVIL ACTION

VERSUS

MR. ROBERT L. MATHEWS, ET AL.                 NO. 08-0631-JVP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 27th day of October, 2008.

                                                   _____
                                                   DOCIA L. DALBY
                                                   MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

GEORGE C. BANKS, JR. (#97742)                                    CIVIL ACTION

VERSUS

MR. ROBERT L. MATHEWS, ET AL.                                    NO. 08-0631-JVP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Madison Parish Correctional Center, Tallulah, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Investigator Robert L. Mathews, Ass't District Attorney Donna Commos, District Attorney Ron Gathe, Liberty Bank, and the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The plaintiff complains of alleged deficiencies in his criminal trial proceedings, notably an asserted lack of evidence to support the conviction and racism in the jury selection process, as a result of which he received a 20-year sentence. He prays for monetary damages as a result of the defendants' alleged wrongful conduct and "for the court to clear me".

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Initially, to the extent that the plaintiff's is seeking to be cleared of the criminal charges against him, this claim may be interpreted as seeking an immediate or earlier release from confinement and must, therefore, be first asserted in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In this regard, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987). Accordingly, because the plaintiff complains herein of confinement resulting from an allegedly unfair criminal trial, his claim necessarily calls into question the fact or duration of his confinement, and he must therefore first pursue this claim in a habeas corpus proceeding. Keenan v. Bennett, 613 F.2d 127 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987).

Further, with regard to the plaintiff's claim for monetary damages under § 1983 for his alleged wrongful confinement, the Court concludes that this claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under Heck, a prisoner's claim for monetary damages attributable to an alleged wrongful confinement is not cognizable in federal court if a judgment in favor of the plaintiff would necessarily imply the invalidity of such confinement. Heck v. Humphrey, supra. If so, the complaint must be dismissed unless the plaintiff can demonstrate that his confinement has already been invalidated or determined to be wrongful by a separate tribunal. Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra. In the present case, a determination that the plaintiff is entitled to monetary damages as a result of an allegedly unfair criminal trial would necessarily imply that his confinement, or the length thereof, is wrongful and that he should be released from custody or that

the period of his confinement should be curtailed. Since the plaintiff has failed to allege that his confinement has been invalidated or called into question in a separate proceeding, his claim for monetary relief under § 1983 resulting from such confinement falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 arising out of his current alleged unconstitutional confinement has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim attributable to the alleged wrongful confinement be dismissed, with prejudice. Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

RECOMMENDATION

It is the recommendation of the Magistrate Judge that this action be dismissed, with prejudice, as legally frivolous pursuant to 42 U.S.C. § 1983, at least until the conditions set forth in Heck v. Humphrey, supra, are met. See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit").[1]

Baton Rouge, Louisiana, this 27th day of October, 2008.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."